UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sean Matthew Finnegan,<br><br>          Plaintiff,<br><br>v.<br><br>Jeffery Frazier,<br><br>          Defendant. | Case No.: 21-cv-816-GPC-KSC<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [Dkt. No. 2]; AND**<br><br>**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING DAMAGES AGAINST AN IMMUNE DEFENDANT PURSUANT TO 28 USC § 1915(e)(2)(B)** |

## I.   INTRODUCTION

On April 26, 2021, Plaintiff Sean Matthew Finnegan ("Plaintiff"), proceeding pro se, filed a complaint against Defendant Jeffery Frazier ("Defendant") pursuant to 18 U.S.C. § 1001. (Dkt. No. 1.) Plaintiff alleges that false statements were made when the Defendant, a judge in Fulton County, Georgia, dismissed Plaintiff's case for failure to appear. (Dkt. No. 2.) Plaintiff concurrently filed a motion to proceed *in forma pauperis* ("IFP"). (*Id.*) Based on the reasoning below, the Court DENIES Plaintiff's motion to

1

proceed IFP and sua sponte DISMISSES Plaintiff's complaint for failure to state a claim on which relief may be granted and for seeking damages against a defendant who is immune from suit.

## II. FACTUAL BACKGROUND

The Court recounts the following information from Plaintiff's complaint. (Dkt. No. 1.) Plaintiff appears to have had a case or cases before Defendant. (*Id.* at 4.) Plaintiff was hospitalized in New York City and against medical advice left the hospital so that he could fly to Atlanta, Georgia to attend four court hearings before Defendant. (*Id.*) Defendant was the assigned judge for all four hearings. Plaintiff claims Defendant dismissed his case for "failure to appear," even though the Plaintiff was allegedly present in the courthouse. (*Id.*) Plaintiff seeks three types of relief: 1) $5,000,000 in damages payable to a foundation of the Plaintiff's choice, 2) that Defendant be disbarred, removed from the bench, and placed on an emergency psychiatric hold until cleared by a medical professional, and 3) that Defendant advance payment for all costs, fees, and any other damages to the Plaintiff and his corporations. (*Id.*)

## III. DISCUSSION

### A. The Court Denies Plaintiff's Motion for Leave to Proceed IFP Under 28 U.S.C. § 1915(a)(1).

All parties filing any civil action, suit, or proceeding in federal district court must pay a $402 filing fee. *See* 28 U.S.C. § 1914(a)[1]. However, a federal district court may waive the filing fee if it is it appropriate to grant leave to proceed IFP. 28 U.S.C. § 1915 (a)(1). In order to proceed IFP, a plaintiff is required to submit an affidavit that details a statement of all assets and exhibits the plaintiff's inability to pay the necessary filing fee. 28 U.S.C. § 1915(a)(1); *see also* S.D. Local Civ. R. 3.2. Approval to proceed IFP is

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

21-cv-816-GPC-KSC

proper where the affidavit is "sufficient" in that it "alleges [the plaintiff] cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While the Plaintiff must show his financial situation prevents payment, he is not obliged to demonstrate complete financial insolvency. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). In evaluating whether a Plaintiff may proceed IFP, courts consider whether the Plaintiff has detailed his financial circumstances "with some particularity, definiteness, and certainty." *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)); see 28 U.S.C. § 1915(a)(1) (to proceed IFP, a plaintiff must submit an affidavit that contains a complete statement of his assets and reflects his inability to pay the fee). The court possesses discretion to deny a plaintiff's motion to proceed IFP if the plaintiff is "unable, or unwilling, to verify [his] poverty." *McQuade*, 647 F.2d at 940.

Here, Plaintiff has filed a signed affidavit in support of his IFP application. (Dkt. No. 2.) He marks most fields of the affidavit with a $0.00 value. (*Id.*) The Court notes that some of the fields Plaintiff has left blank—such as employment, property owned, and dependents—may be inapplicable. (*Id.*) However, Plaintiff has also not listed "[a]ny housing, transportation, utilities, or loan payments, or other regular monthly expenses." (*Id.* at 2.) Because Plaintiff is not incarcerated, it is unlikely that he has no regular monthly expenses whatsoever. Plaintiff has also reported that he possesses medical debt, but the amount is not listed. (*Id.*) Additionally, Plaintiff has indicated that he receives benefits through the CalFresh program, however, the amount of money he receives and expects to receive in the future based off that source was not provided. (*Id.*) Taking the aforementioned into consideration, the Plaintiff has not represented his financial circumstances "with some particularity, definiteness, and certainty" to allow the Court to resolve the motion. *Escobedo*, 787 F.3d at 1234 (quoting *McQuade*, 647 F.2d at 940). Accordingly, the Court DENIES Plaintiff's motion to proceed IFP without prejudice.

\ \ \

\ \ \

**B. Sua Sponte Review Under 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). Section 1915(e)(2) provides that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedures 4(c)(2). *See Lopez*, 203 F.3d at 1130.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As noted, Section 1915(e)(2)(B)(iii) requires dismissal of a case that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). "Anglo-American common law has long recognized judicial immunity, a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when

it is alleged that such action was driven by malicious or corrupt motives[.]" *Castillo*, 297 F.3d at 947. Even if a judge acts in excess of judicial authority, he or she is not deprived of immunity. *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996), *superseded by statute on other grounds*. The immunity promotes the use of the appellate procedure to correct judicial error and discourages collateral attacks on final judgments. *Castillo*, 297 F.3d at 947.

Here, the complaint asserts claims for false statements under 18 U.S.C. Section 1001, but Plaintiff, as a private citizen, has no authority to bring claims under criminal statutes. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). Further, Plaintiff's complaint challenges the unfavorable ruling of a state court judge that presided over Plaintiff's case. Because Defendant was engaged in acts of judicial decision making, he is absolutely immune from liability. Therefore, Plaintiff's complaint must be dismissed.

"[A] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Lopez*, 203 F.3d at 1127. Because absolute immunity bars claims against judges for actions related to the judicial process, the deficiencies in the complaint cannot be cured by amendment.

Accordingly, the Court DISMISSES Plaintiff's complaint with prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for seeking damages against a defendant who is immune pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

## IV. CONCLUSION

For these reasons, this Court **DENIES** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) with leave to amend and **DISMISSES** the action under 28 U.S.C. § 1915(e)(2) without leave to amend.

**IT IS SO ORDERED.**

Dated: June 23, 2021

Hon. Gonzalo P. Curiel
United States District Judge